OPINION. Van Fossan, Judge: In Commissioner v. Culbertson, 337 U. S. 733, the Chief Justice stated: If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient. The Chief Justice also quoted from the Tower case, 327 U. S. 280, and stated that the question whether the family partnership is real for income tax purposes depends upon: * * * whether .the partners really and truly intended to join together for the purpose of carrying on the business and sharing in the profits and losses or both. And their intention in this respect is a question of fact, to be determined from testimony disclosed by their “agreement, considered as a whole, and by their conduct in execution of its provisions.” In the course of the cross-examination of the petitioner by Government counsel, the following colloquy occurred: Q. What effect did the partnership agreement have, in your mind; did you honestly and sincerely believe that you were partners before you signed the agreement? A. Yes. Q. Why did you sign the agreement? A. To show, according to the law, what the law required us to do. Q. Who told you the law required you to have an agreement? A. Our attorney. Q. When did he tell you that? A. It started way back in 1942, sometime. Q. But you didn’t decide to fulfill that requirement until the year 1944, when your profit was in excess of $50,000? A. No. We started that before our profit was $50,000, and our profit came from the machine that we purchased and from the home that we have sold to purchase that machine. That is where our profit had come from. On the basis of the facts, which inadequately portray the picture, we entertain no doubt that petitioner and his wife Sally were engaged in a joint enterprise from the very beginning of the operation of Paradise Food Go. We use the word “inadequately” because it is impossible to recreate the impressions gleaned in hearing the evidence. The testimony of petitioner and Sally was frank, convincing, and profoundly moving. We entertain not the slightest doubt about the sincerity of their belief that they were partners in fact. Nor have we a doubt that from the first they “really and truly intended to join together for the purpose of carrying on the business and sharing in the profits and losses or both.” This was just as true in 1943 and 1944 as it was after the written agreement was entered into. This was not merely a “domestic partnership.” It was a valid business partnership. To quote again the phraseology employed by the Supreme Court in the Culbertson case, supra, we conclude “upon a consideration of all the facts, * * * that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each [was] of such value to the partnership that the contributor should participate in the distribution of profits * * Under the principles enunciated by the Supreme Court and on the well proven facts, we find for the petitioner on the only issue submitted. This case is readily distinguishable on the facts from H. V. Funai, 13 T. C. 696. Reviewed by the Court. Decision will be entered under Rule 50.